IN THE COURT OF CRIMINAL APPEALS


OF TEXAS


 




NO. WR-76,779-03






EX PARTE SCOTT LARRY ROBINSON, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 19745 IN THE 336TH DISTRICT COURT


FROM FANNIN COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of indecency with
a child by contact and was sentenced to ten years' incarceration. There was no direct appeal.

 Applicant complains his guilty plea was not voluntary due to the ineffective assistance of his
trial counsel. He asserts that the charged offense should have been dismissed for violating his right
to a speedy trial, that he was insane at the time of the offense due to a brain tumor that was
subsequently removed, and that the SANE nurse who would have testified at trial for the prosecution
had been found to have perjured herself in other trials, undermining her credibility. Applicant has
alleged facts that, if true, might entitle him to relief. Strickland v. Washington, 466 U.S. 668 (1984);
Ex parte Patterson, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999).

 It appears Applicant had two attorneys at different times during the pendency of the case.
There is no response from either counsel in the writ record provided to this Court or findings from
the trial court. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the
trial court is the appropriate forum for findings of fact. 

 The trial court shall order both counsel to respond to the claims of ineffective assistance by
explaining applicable strategy and tactical decisions. To obtain the responses, the trial court may use
any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). If the trial court elects to hold a
hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be
represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing.
Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law regarding the claims raised
in the writ application. The trial court may also make any other findings of fact and conclusions of
law it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court.

Filed: September 12, 2012

Do not publish